UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN SQUYERS                                               CIVIL ACTION

VERSUS                                                      NO. 10-4246

BISSO OFFSHORE TOWING, INC., ET AL                          SECTION "C" (3)

ORDER

IT IS ORDERED that the plaintiff's motion for special fixing of trial on the merits on maintenance and cure issues is DENIED.  Rec. Doc. 65.  Trial is currently set for June 4, 2012, the plaintiff has asked for a jury trial and this motion is opposed.  *Hampton v. Daybrook Fisheries, Inc.*, 2002 1974107at *2 (E.D.La.).  In addition, discovery is ongoing.  The Court will reconsider the motion if the plaintiff agrees to have all issues pertaining to the entitlement of maintenance and cure, including causation, heard before the Court without a jury.  As noted by Judge Rubin:

> The solution to the seaman's problem is in his own hands.  He may have a prompt trial of the maintenance claim by the court if he chooses.  He may elect to have a jury trial of that claim when his Jones Act claim is heard.  But he may not have the benefit of all his desires: equitable hearing of the claim for increased maintenance and a later jury trial of substantially the same issues.

*Tate v. American Tugs, Inc.*, 634 F2d 860, 871 (5th Cir. 1981).  Should the plaintiff decide to refile this motion, the relevant factors and jurisprudence should be addressed.  *See also*

*Morgan v. Chet Morrison Contractors, Inc.*, 2008 WL 4758628 (E.D.La); *Rodriguez v. Larry Griffin Towing Co., Inc.*, 2007 WL 433482 (E.D.La.); *Grundstrom v. 4-J's Enterprise, Inc.*, 2004 WL 551207 (E.D.La.).

New Orleans, Louisiana, this 23rd day of November, 2011.

                                            HELEN G. BERRIGAN
                                            UNITED STATES DISTRICT JUDGE